Judgment rendered August 12, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,981-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

AHKEEM JAMAL WIGGINS, JR.              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 401,201

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPEALS                          Counsel for Appellant
& WRIT SERVICE
By: Annette Fuller Roach

JAMES EDWARD STEWART, SR.              Counsel for Appellee
District Attorney

MARGARET E. RICHIE GASKINS
ASHLIN NICOLE THOMAS
Assistant District Attorneys

* * * * *

Before COX, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

Following convictions for battery of a dating partner (while pregnant), in violation of La. R.S. 14:34.9(K), and battery of a dating partner (strangulation), in violation of La. R.S. 14:34.9(L), defendant was adjudicated a fourth-felony offender. He was sentenced to serve 20 years at hard labor, without the benefit of probation, parole, or suspension of sentence on each count. The sentences were ordered to run consecutively. For the following reasons, we affirm the sentences, and we amend the sentences to delete the provisions denying parole eligibility.

## FACTS

The following facts are taken verbatim from defendant's prior appeal, *State v. Wiggins*, 56,427 (La. App. 2 Cir. 10/1/25), 421 So. 3d 1172:

> Defendant, Ahkeem Jamal Wiggins, Jr., and the victim, Ebony Baker, were childhood friends who reconnected in 2023. Ms. Baker was married to another man, but she and her husband were estranged. By February 2024, defendant and Ms. Baker were involved in a relationship, which Ms. Baker described as "dating," "courting," "getting to know each other," and "having sex." She had two children from previous relationships, and she was pregnant with defendant's child. Defendant was aware of Ms. Baker's marital status and that he was the father of her unborn child. He accompanied her to several obstetric appointments. Over time, Ms. Baker ceased being sexually intimate with defendant because she "didn't want to make a wrong judgment [about] being in a relationship with him."
>
> On February 24, 2024, Ms. Baker informed defendant that she was planning to move to Houston, Texas the following year, and according to Ms. Baker, the conversation did not end well. On the morning of February 25, 2024, defendant and Ms. Baker exchanged text messages and that evening, she and some of her family members went to dinner at a restaurant. As Ms. Baker was driving home from the restaurant, defendant called her to continue the conversation about her moving to Texas. Defendant requested to meet with Ms. Baker to continue the conversation in person; however, she declined to do so.

Ms. Baker drove home while talking to a friend on her cellphone. Within minutes of her pulling into her driveway, defendant pulled into the driveway behind her. Ms. Baker exited her car, admonished defendant about coming to her home unannounced, and told him to leave. Ms. Baker got back into her car and attempted to close the door. Defendant reopened the door, and Ms. Baker told him to leave her alone; defendant refused and remained in the doorway of her vehicle. Ms. Baker attempted to push defendant out of her way so she could exit her vehicle. Defendant grabbed Ms. Baker around her neck and began to strangle her. According to Ms. Baker, defendant strangled her "so hard that [she] couldn't breathe." As he was strangling her, defendant told her he was a "different breed," and he stated, "I'll kill you. I'll kill you."

Eventually, Ms. Baker managed to extricate herself from defendant. However, as she attempted to move away from him, defendant grabbed her, and they both fell to the ground. While on the ground defendant put Ms. Baker in a headlock, by placing his arm around her throat, and attempted to strangle her again. After a struggle, Ms. Baker escaped the headlock, but defendant wrapped his legs around her torso and began to squeeze her body using his legs. Ms. Baker cried out that defendant was hurting her and begged him to let her go; yet, he refused to release her. According to Ms. Baker, defendant stated, "Oh, you think you're going to kill my baby? I'll kill you and this baby." Defendant released Ms. Baker after she verbally placated him by agreeing to talk with him. The two of them had a conversation, and defendant left Ms. Baker's home.

The entire incident was captured by Ms. Baker's Ring Doorbell camera and a security camera installed underneath her carport. The video clearly depicted defendant holding Ms. Baker by her neck and lifting her off the ground. The recording also captured defendant stating to Ms. Baker, "I'm a different breed. I'm a different breed. I'll kill you. I'll kill you." Both of defendant's hands were wrapped around Ms. Baker's neck while he made the threats.

*Id.*, at 1176-77 (footnote omitted).

Defendant was charged by bill of information with battery of a dating partner (while pregnant), in violation of La. R.S. 14:34.9(K), and battery of a dating partner (strangulation), in violation of La. R.S. 14:34.9(L). Following a jury trial, he was found guilty as charged and was sentenced to three years

2

at hard labor without the benefit of probation, parole, or suspension of sentence for each count. The sentences were ordered to be served consecutively with each other and any other sentence. This Court affirmed defendant's convictions and sentences. *State v. Wiggins*, *supra*.

While the prior appeal was pending, the State of Louisiana filed a habitual offender bill of information charging defendant as a fourth-felony offender. Following a hearing, defendant was adjudicated a fourth-felony offender, having been previously convicted of armed robbery, attempted possession or introduction of contraband into a penal institution and conspiracy to distribute synthetic cannabinoid, possession of contraband (cellphone) in a municipal or parish prison, and the underlying offenses – battery of a dating partner who is pregnant and battery of a dating partner by strangulation.

After the habitual offender adjudication, the trial court vacated the original three-year sentences and sentenced defendant, as a fourth-felony offender, to serve 20 years at hard labor on each count, without the benefit of probation, parole, or suspension of sentence. The sentences were ordered to be served consecutively. The trial court denied defendant's motion to reconsider sentences.

Defendant appeals his sentences.

## DISCUSSION

Defendant contends two consecutive sentences of 20 years, without the benefit of probation, parole, or suspension of sentence, constitutes cruel and unusual punishment and violates the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution.

3

According to defendant, his individual sentences are excessive, as they are disproportionate to the offenses committed. Defendant also argues that only one of his prior offenses (armed robbery) was a crime of violence, the victim in the current case was not seriously injured, and the "physical altercation" between the victim and him ended without intervention from others. Therefore, he is not the worst offender, and the offenses are not the worst offense for which maximum sentences are warranted.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Roland*, 49,660 (La. App. 2 Cir. 2/27/15), 162 So. 3d 558, *writ denied*, 15-0596 (La. 2/19/16), 186 So. 3d 1174; *State v. Capers*, 43,743 (La. App. 2 Cir. 12/3/08), 998 So. 2d 885, *writ denied*, 09-0148 (La. 10/2/09), 18 So. 3d 102. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Roland*, *supra*; *State v. Capers*, *supra*.

The 20-year sentences are the mandatory minimum sentences pursuant La. R.S. 15:529.1. Because the sentences imposed for the habitual offender adjudication are prescribed by statute, the trial court's compliance with La. C. Cr. P. art. 894.1 is not required. It would be an exercise in futility for the trial court to discuss the factors enumerated in Article 894.1 when the court has no discretion in sentencing a defendant. *State v. Roland*, *supra*; *State v. Washington*, 37,321 (La. App. 2 Cir. 8/20/03), 852 So. 2d 1206, *writ denied*, 03-2652 (La. 5/14/04), 872 So. 2d 510.

4

Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672; *State v. Miller*, 54,897 (La. App. 2 Cir. 1/11/23), 355 So. 3d 1165, *writ denied*, 23-00200 (La. 12/5/23), 373 So. 3d 713; *State v. Gay*, 34,371 (La. App. 2 Cir. 4/4/01), 784 So. 2d 714. While the Louisiana Supreme Court has recognized that courts have the power to declare a mandatory minimum sentence excessive under La. Const. art. I, § 20, our highest court has cautioned that this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. *See*, *State v. Johnson*, *supra*; *State v. Boyd*, 54,950 (La. App. 2 Cir. 4/5/23), 360 So. 3d 1264; *State v. Ponsell*, 33,543 (La. App. 2 Cir. 8/23/00), 766 So. 2d 678, *writ denied*, 00-2726 (La. 10/12/01), 799 So. 2d 490.

The burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. *State v. Johnson*, *supra*; *State v. Miller*, *supra*; *State v. Robbins*, 43,240 (La. App. 2 Cir. 6/4/08), 986 So. 2d 828, *writ denied*, 08-1438 (La. 2/20/09), 1 So. 3d 494. To do so, the defendant must "clearly and convincingly show that he is exceptional which, in this context, means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *State v. Johnson*, *supra* at 676; *State v. Miller*, *supra*; *State v. Fisher*, 50,301 (La. App. 2 Cir. 12/30/15), 185 So. 3d 842, *writ denied*, 16-0228 (La. 2/3/17), 215 So. 3d 687; *State v. Mead*, 44,447 (La. App. 2 Cir. 7/1/09), 16 So. 3d 470, *writ denied*, 09-2065 (La. 4/9/10), 31 So. 3d 388. The court may not rely solely on the nonviolent

5

nature of the instant or past crimes as evidence to justify rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the major reason, for declaring such a sentence excessive. *State v. Boyd*, *supra*.

Defendant argues that in imposing the mandatory minimum sentences of 20 years' imprisonment in this case, the trial court failed to consider any factors to tailor the sentence to this particular defendant. Defendant also notes the brief sentences imposed for the predicate offenses forming the basis for his fourth felony habitual offender adjudication and contends that his prior offenses, except for the armed robbery, were nonviolent.

We have reviewed this record in its entirety, and we find that defendant did not prove by clear and convincing evidence that a downward departure from the mandatory statutory minimum 20-year sentence is warranted. As we observed in the prior appeal, defendant "grabbed a pregnant Ms. Baker by her neck with both hands, lifted her off the ground by her neck, and threatened to kill her." Further, defendant has four felony convictions, two of which (armed robbery and battery of a dating partner with strangulation) are crimes of violence. Additionally, defendant was on parole for armed robbery when he committed the current offenses. Therefore, it is apparent that defendant has not benefited from the rehabilitative aspects of the penal system. Consequently, we find defendant's mandatory minimum sentences of 20 years, without benefit of parole, probation, or suspension of sentence, do not shock the sense of justice and are not unconstitutionally excessive.

Defendant also contends the sentences imposed are illegal because the trial court ordered them to be served without the benefit of probation, parole,

6

or suspension of sentence. Defendant argues that neither La. R.S. 14:34.9(K), La. 14:34.9(L), nor La. R.S. 15:529.1(G) restricts parole eligibility.

Any sentence imposed under the provisions of the Habitual Offender Law shall be at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G). Further, the underlying statutes of conviction, La. R.S. 14:34.9(K) and La. 14:34.9(L), do not deny defendant the benefit of parole. Therefore, we find that the trial court erred in ordering the sentences to be imposed without the benefit of parole. Accordingly, we amend the sentences to delete the provisions denying parole.

Defendant also contends the trial court abused its discretion in ordering that the sentences run consecutively. Defendant further contends the trial court articulated reasons for imposing consecutive sentences at the original sentencing hearing, but it failed to articulate reasons for ordering the sentences to run consecutively at the habitual offender sentencing hearing.

The general rule regarding concurrent and consecutive sentences is set forth in La. C. Cr. P. art. 883, which provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. It is within a trial court's discretion to order sentences

7

to run consecutively rather than concurrently even if the conduct involved a single victim. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. *State v. Gaines*, 54,383 (La. App. 2 Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Davis*, 52,453 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1194; *State v. Williams*, 52,052 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1200.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are: (1) the defendant's criminal history; (2) the gravity or dangerousness of the offense; (3) the viciousness of the crimes; (4) the harm done to the victims; (5) whether the defendant constitutes an unusual risk of danger to the public; and (6) the potential for the defendant's rehabilitation. The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *State v. Gaines*, *supra*; *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270.

In the first appeal, this Court noted that the trial court adequately discussed the applicable sentencing factors, and we concluded that the court did not abuse its discretion in imposing consecutive sentences. A review of the record shows defendant is a repeat felony offender with little regard for the law. Even while incarcerated, defendant continued to commit crimes, as demonstrated by his convictions for attempted possession or introduction of contraband into a penal institution, conspiracy to distribute synthetic

8

cannabinoid, and possession of contraband in a municipal or parish prison. Further, defendant committed the instant offenses – battery of a pregnant dating partner and battery of a dating partner with strangulation – while on parole for a previous armed robbery. Defendant has had ample opportunity for rehabilitation; however, he has opted not to do so. He continues to commit felony offenses, while failing to take accountability for his actions. In light of the circumstances, we find the trial court did not abuse its discretion in ordering the sentences to be served consecutively.

## CONCLUSION

For the reasons stated herein, we amend defendant's sentences to delete the provisions denying parole eligibility. The sentences are hereby affirmed as amended.

**AMENDED; AS AMENDED, AFFIRMED.**